ADAMS, GEORGE E., Associate Judge.
Plaintiff appeals from a final judgment for the Defendant after jury verdict for the Defendant. Plaintiff assigns as error the denial of his motion for directed verdict as to liability at the conclusion of all of the evidence.
It appears that the Plaintiff was stopped at a traffic light. The Defendants’ driver approached from the rear and came to a complete stop. He then leaned over to his right to pick up a letter that had dropped on the floor of his automobile and apparently released pressure on the brake pedal of the automobile. The automobile then rolled forward into the rear of the Plaintiff’s vehicle.
Plaintiff contends that the Court should have granted the motion for directed verdict as to liability for the reason that no sufficient explanation has been made by the Defendant to cause the presumption of negligence which applies in rear-end collisions to disappear.
We hold that the lower Court properly denied the motion for directed verdict as to liability. It is, of course, axiomatic that liability in cases of this kind is based upon a showing of negligence of the Defendant and that that negligence proximately caused damage.
An examination of the transcript herein shows that the primary factual dispute between the Plaintiff and the Defendants was whether the incident in question proximately caused Plaintiff’s condition or whether said condition was pre-existing having been caused by an accident in 1962. The record before us does not show the rulings of the Court upon proposed jury instructions or whether the Plaintiff objected to, or raised any questions about, the Court charging the jury as to negligence.
The only assignment of error being the Court’s failure to grant the motion for directed verdict on question of liability, the judgment of the Court below is, therefore,
Affirmed.
SHANNON, Acting C. J., and PIERCE, J., concur.